UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JACKIE M.,

                Plaintiff,

   v.                                              6:25-CV-25
                                                    (DJS)
COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
_____

**APPEARANCES:**                                  **OF COUNSEL:**

OLINSKY LAW GROUP                   HOWARD OLINSKY , ESQ.
Attorney for Plaintiff
250 South Clinton Street, Suite 210
Syracuse, New York 13202

U.S. SOCIAL SECURITY ADMIN.       SHANNON FISHEL, ESQ.
OFFICE OF THE GENERAL COUNSEL  FERGUS J. KAISER, ESQ.
Attorney for Defendant
6401 Security Boulevard
Baltimore, Maryland 21235

**DANIEL J. STEWART**
**United States Magistrate Judge**

## MEMORANDUM-DECISION AND ORDER

      Plaintiff, Jackie M.., brought this action pursuant to 42 U.S.C. § 405(g) seeking review of a decision by the Commissioner of Social Security that Plaintiff was not disabled. Currently before the Court are Plaintiff's Motion for Judgment on the

1

Pleadings and Defendant's Motion for Judgment on the Pleadings. Dkt. Nos. 11, 13, & 14. For the reasons set forth below, Plaintiff's Motion for Judgment on the Pleadings is denied and Defendant's Motion is granted.[1]

## I. BACKGROUND

### A. Factual Background

Plaintiff was born in 1984, has past work experience in the retail and customer service industries, and reported that she completed eighth grade. Dkt. No. 8, Admin. Tr. ("Tr."), pp. 268 & 274. Plaintiff alleges disability based on ADHD, bipolar disorder and depression, borderline personality disorder, anger and aggression issues, suicidal thoughts, and head trauma. Tr. at p. 267. On January 4, 2022, Plaintiff applied for supplemental security income benefits. *See* Tr. at p. 75. Plaintiff's application was initially denied on May 25, 2022, and upon reconsideration on September 9, 2022. Tr. at pp. 96-109 & 111-122. Plaintiff thereafter timely requested a hearing before an Administrative Law Judge ("ALJ"). Tr. at p. 139. Plaintiff subsequently appeared and testified at a hearing before ALJ Gretchen Greisler on July 6, 2023. Tr. at pp. 35-61. On April 3, 2024, ALJ Greisler issued a written decision finding Plaintiff was not disabled under the Social Security Act. Tr. at pp. 15-28. On November 21, 2024, the

---

[1] Upon Plaintiff's consent, the United States' general consent, and in accordance with this District's General Order 18, this matter has been referred to the undersigned to exercise full jurisdiction pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. *See* Dkt. No. 5 & General Order 18.

Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner.  Tr. at pp. 1-6.

### B.  The ALJ's Decision

In her decision, the ALJ first found that Plaintiff has not engaged in substantial gainful activity since January 4, 2022.  Tr. at p. 17.  Second, the ALJ found that Plaintiff's bipolar disorder, borderline personality disorder, substance use disorder, and urinary disorder were severe impairments.  Tr. at p. 18.  Third, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. § 404, Subpart P, App. 1.  *Id.*  Fourth, the ALJ concluded that Plaintiff had the residual functional capacity ("RFC") to perform work at exertional levels with the following additional limitations:

> she can perform repetitive simple work at a consistent, goal-oriented pace; can engage in occasional interaction with supervisors and coworkers after learning job tasks from an informational or demonstrational lesson; cannot engage in interaction with the public; can make simple decisions and tolerate occasional changes; can perform work that does not require multitasking or significant independent judgment; and requires ready access to a restroom but the need to use a restroom can generally be accommodated by the customary morning, midday, and afternoon break.

Tr. at p. 20.

Next, the ALJ found that Plaintiff was unable to perform her past relevant work.  Tr. at p. 26.  The ALJ then found that Plaintiff was a "younger individual" on her application date and had a limited education.  *Id.*  Based on Plaintiff's age, education,

3

work experience, and RFC, the ALJ found that Plaintiff could perform several jobs existing in significant numbers in the national economy. Tr. at pp. 26-27. Finally, the ALJ found that Plaintiff was not disabled as defined in the Social Security Act. Tr. at p. 27.

## II.  RELEVANT LEGAL STANDARDS

### A.  Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. 42 U.S.C. § 405(g); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will be reversed only if the correct legal standards were not applied, or it was not supported by substantial evidence. *Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987). "Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988).

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992).

## B. Standard to Determine Disability

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. 20 C.F.R. §§ 404.1520, 416.920. The Supreme Court has recognized the validity of this sequential evaluation process. *Bowen v. Yuckert*, 482 U.S. 137, 141-42 (1987). The five-step process asks:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a "residual functional capacity" assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

*McIntyre v. Colvin*, 758 F.3d 146, 150 (2d Cir. 2014). "If at any step a finding of disability or non-disability can be made, the SSA will not review the claim further." *Barnhart v. Thompson*, 540 U.S. 20, 24 (2003).

## III.  ANALYSIS

Plaintiff raises a single point of error in this proceeding – the ALJ's purported failure to properly evaluate and explain her analysis of the medical opinion of two treating providers.  Dkt. No. 11, Pl.'s Mem. of Law.  Specifically, she contends that the ALJ failed to properly evaluate the opinions of Dr. Morales Brown and Alison Short, a therapist seen by Plaintiff.  *Id.* at pp. 6-9.  She further argues that the ALJ failed to satisfy her regulatory obligation to fully address the consistency and supportability of opinions in the record.  *Id.*  Defendant responds that the ALJ not only properly weighed the opinion at issue, but adequately addressed the relevant regulatory requirements in doing so.  Dkt. No. 13, Def.'s Mem. of Law at pp. 5-7.

The co-signed opinion from Brown and Short opined significant limitations on the part of Plaintiff.  *See generally* Tr. at pp. 954-957.  In eleven out of twenty-two categories evaluating Plaintiff's "mental abilities and aptitude" the opinion found Plaintiff to have "no useful ability to function." Tr. at p. 955.  In eight more categories, the opinion suggested that Plaintiff was "unable to meet competitive standards." *Id.* The opinion was significantly more restrictive than other opinions in the record.  *See*, *e.g.*, Tr. at p. 70 (finding no or mild limitations in areas of functionality) & 825 (finding a range of no to moderate limitations in various functional areas).

6

The ALJ considered the Brown-Short opinion, but found it "not persuasive." Tr. at p. 24. In doing so, the ALJ specifically explained:

> These providers have treated the claimant and, in doing so, have observed the claimant in a clinical setting. However, their opinion is not well supported or consistent with the totality of the record, including the claimant's mental health records. For example, these sources state that the claimant has an inability to perform most mental tasks and would be off task for more than 20% of the workday. However, the claimant's mental health records indicate that she has responded well to counseling and psychotropic medications as shown by her mental status examinations from Upstate Cerebral Palsy and statements to her mental health providers since her protective filing date. The finding that the claimant would miss more than four days of work per month is not supported by any specific objective medical evidence. This opinion is also inconsistent with the opinions of the medical expert, consultative psychological examiner, and State agency medical consultants, all of whom have an understanding of our disability program's policies and evidentiary requirements.

Tr. at p. 24.

Under the applicable Social Security regulations, "the Commissioner is obligated to consider all medical opinions and evaluate their persuasiveness based on the following five factors: (1) supportability; (2) consistency; (3) relationship with the claimant; (4) specialization; and (5) other factors, with particular importance placed upon consistency and supportability." *Jason R. v. Comm'r of Soc. Sec.*, 2024 WL 4839356, at *3 (W.D.N.Y. Nov. 19, 2024).

"[S]upportability" means that "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his

7

or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." 20 C.F.R. §§ 404.1520c(c)(1). "[C]onsistency" means that "[t]he more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." 20 C.F.R. §§ 404.1520c(c)(2). "To allow a reviewing court to trace the path of an ALJ's reasoning, an ALJ is required to explain their consideration of the supportability and consistency factors by pointing to specific evidence in the record to support the ALJ's findings regarding medical opinions." *Stephon P. v. Comm'r of Soc. Sec.*, 2025 WL 2108586, at *3 (N.D.N.Y. July 3, 2025), *report and recommendation adopted sub nom. Stephon P. v. Bisignano,* 2025 WL 2106707 (N.D.N.Y. July 28, 2025) (quoting *Jason R. v. Comm'r of Soc. Sec.*, 2024 WL 4839356, at *3 (W.D.N.Y. Nov. 19, 2024)).

The Court finds no error in the ALJ's conclusion that the severe limitations opined by the opinion at issue were not supported by the medical records of the providers. The record shows that these providers repeatedly noted improvement in Plaintiff's mood, depression, and anxiety symptoms. *See*, *e.g.*, Tr. at pp. 533 & 832. The ALJ's reliance on these clinical observations was entirely proper. *See Marc W. v. Comm'r of Soc. Sec.*, 2021 WL 2435651, at *6 (W.D.N.Y. June 15, 2021) ("an ALJ may

8

rely on inconsistencies between opinions and treatment[] notations in assessing opinion evidence"). While those records also note periods in which Plaintiff was experiencing heightened difficulties, Tr. at p. 836, it cannot be said that the ALJ's conclusions regarding supportability did not find substantial support in the portions of the record upon which she relied.

With respect to consistency, as noted above, the ALJ specifically found that the opinion of Dr. Brown and Ms. Short was inconsistent with numerous other opinions in the record. Tr. at p. 24. Those opinions included the opinion of Dennis Noia, a consultative examiner, who found Plaintiff to have:

> no limitations understanding, remembering, or applying simple or complex directions and instructions, or using reason and judgment to make work-related decisions; mild limitations interacting adequately with supervisors, co-workers, and the public; no evidence of limitation sustaining concentration and performing a task at a consistent pace; mild limitation sustaining an ordinary routine and regular attendance at work; moderate limitation regulating emotions, controlling behavior, and maintaining well-being; no evidence of limitation maintaining personal hygiene and appropriate attire, or being aware of normal hazards and taking appropriate precautions.

Tr. at p. 825. Dr. Karl Umbrasas also opined that Plaintiff had significantly less limitations than Dr. Brown did. *See* Tr. at p.. 1554-1563. The ALJ discussed each opinion in detail in her opinion. Tr. at pp. 23-24. In that discussion, she found each of those opinions "partially persuasive" and explained why. *Id.*

Plaintiff objects that Plaintiff made only "conclusory statements asserting inconsistency," Pl.'s Mem. of Law at p. 8, suggesting that this "failed to offer an adequate explanation of her consideration of the factor of consistency." Dkt. No. 14, Pl.'s Reply at p. 2. The Court rejects this argument. "In assessing the ALJ's findings, [her] decision must be read as a whole." *Desiree S. v. Comm'r of Soc. Sec.*, 2023 WL 7688690, at *6 (N.D.N.Y. Sept. 8, 2023), *report and recommendation adopted*, 2023 WL 6578958 (N.D.N.Y. Oct. 10, 2023). In doing so, "findings made in other sections can inform a reviewer of the basis of the ALJ's RFC finding." *Donna L. v. Comm'r of Soc. Sec.*, 2024 WL 3738067, at *1 (N.D.N.Y. Aug. 9, 2024). Here, the ALJ amply described the various medical opinions and her view of the extent to which each was supported by the evidence. Tr. at pp. 23-26. In doing so, she also highlighted inconsistencies between them. *Id.* It is not a basis for remand, that in noting the inconsistency of the extreme limitations identified by Dr. Brown with other opinions, the ALJ did not repeat earlier portions of her opinion. *Porteus v. O'Malley*, 2024 WL 2180203, at *2 (2d Cir. May 15, 2024).

In arguing that the ALJ's decision is erroneous, Plaintiff cites to a variety of record evidence that supports her purported disability. Pl.'s Mem. of Law at pp. 7-8. At bottom, however, much of that argument focuses on her view of how the evidence *should have been weighed differently* by the ALJ. *See* Pl.'s Mem. of Law at p. 8 ("The

ALJ chose not to adopt these restrictions."). It is, however, well-established that "[w]hile Plaintiff may disagree with the ALJ's assessment of the record evidence, it is not this Court's role to reweigh the evidence." *Edward A. v. Saul*, 2020 WL 4015265, at *3 (N.D.N.Y. July 15, 2020). "[C]ourts will not reweigh the evidence, if the ALJ sufficiently explained why [s]he afforded the various opinions different amounts of weight." *Ezequiel C. v. Kijakazi*, 2022 WL 2231178, at *4 (N.D.N.Y. May 12, 2022), *report and recommendation adopted*, 2022 WL 2230346 (N.D.N.Y. June 21, 2022) (internal quotations and citations omitted). Having concluded that the ALJ did so here, her decision is affirmed.

## IV. CONCLUSION

**ACCORDINGLY**, it is

**ORDERED**, that Plaintiff's Motion for Judgment on the Pleadings is **DENIED**; and it is further

**ORDERED**, that Defendant's Motion for Judgment on the Pleadings is **GRANTED**; and it is further

**ORDERED**, that Defendant's Motion denying Plaintiff disability benefits is **AFFIRMED** and the Complaint is **DISMISSED**; and it is further

**ORDERED,** that the Clerk of the Court shall serve copies of this Memorandum-

11

Decision and Order on the parties.

Dated: September 16, 2025
       Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge

12